United States District Court
Southern District of Texas
**ENTERED**
October 06, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL MCCAIN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-02071 |
| | § | |
| GR WIRELINE, LP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Plaintiff Samuel McCain ("McCain") has filed a Motion for Leave to File First Amended Complaint. *See* Dkt. 25. Having reviewed the briefing, the record, and the applicable law, the motion is **GRANTED**.[1]

## BACKGROUND

McCain originally filed this lawsuit against Defendants GR Wireline, L.P. and GR Energy Services Operating GP LLC (collectively, "GR") under the Fair Labor Standards Act ("FLSA") to recover alleged unpaid overtime wages. The docket control order I issued set a December 1, 2021 deadline to amend pleadings. During discovery, McCain disclosed documents that GR alleges contain confidential information protected by a non-solicitation agreement that McCain signed during his employment with GR. In response, GR sent a letter on February 25, 2022 to McCain and copied his new employer, Michelin North America ("Michelin"). The February 2022 letter requested McCain to immediately return all confidential information to GR and threatened to "exercise the full scope of legal remedies available to" it. Dkt. 25-1 at 2.

McCain claims that the February 2022 letter was sent in retaliation for filing this lawsuit. He argues that the non-solicitation agreement was meant to protect

---

[1] Generally speaking, a motion to amend pleadings is considered a nondispositive matter for which a magistrate judge can handle by order as opposed to a memorandum and recommendation. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010).

GR from industry competitors, and Michelin, a tire manufacturer, is not a competitor to GR, who operates in the oil and gas industry. GR maintains that it copied Michelin "to ensure that anybody that might have gained possession of [their] proprietary information could take the necessary action to return that information." Dkt. 26 at 2. McCain now requests the opportunity to file an amended complaint to add an FLSA retaliation claim against GR.

## ANALYSIS

Although leave to amend pleadings should be freely given "when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is by no means automatic. *See Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). When a party wishes to add a claim after a scheduling order deadline, he may do so "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "If the party shows good cause, the court may then consider a variety of factors under Rule 15(a)(2)'s more liberal pleading standard," including futility of amendment.[2] *Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 373 (5th Cir. 2021). An amendment is futile "if the complaint as amended would be subject to dismissal." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

At the outset, I find that McCain has met his burden of demonstrating good cause to amend his complaint. The February 2022 letter forms the basis of the proposed FLSA retaliation claim against GR. GR sent the February 2022 letter to Michelin *after* the deadline to amend pleadings had expired. Less than two months later, McCain filed a motion for leave to file an amended complaint. Accordingly, McCain did not delay submitting his motion, and he could not have met the amendment deadline despite his diligence. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (quotation omitted));

---

[2] Though there are many factors to consider, I discuss only futility because that is the only factor that GR discusses in its opposition to McCain's motion for leave to amend.

*NH Special Events, LLC v. Franklin Exhibits Mgmt. Group, LLC*, No. 19-cv-1826, 2020 WL 6063482, at *4 (D. Md. Oct. 14, 2020) (finding good cause to amend where some of the breach of contract claims arose after the amendment deadline).

Next, I must determine whether McCain's proposed amendment would be futile. To be clear, it is not my job at this juncture to assess the strength or merits of McCain's FLSA retaliation claim. The only question before me is whether the FLSA retaliation claim could survive a Rule 12(b)(6) motion to dismiss. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." (citation omitted)). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To make a prima facie showing of retaliation under the FLSA, a plaintiff must establish "(1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008) (quotation omitted). The parties dispute only the last two elements.

As far as the second element—adverse employment action—is concerned, McCain contends that GR's February 2022 letter was an adverse employment action because it could dissuade McCain from continuing his FLSA claim against GR. *See* Dkt. 27 at 3. To establish an adverse employment action, the Supreme Court has held that a plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting" a claim. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotation

omitted). "[T]he significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." *Id.* at 69.

Here, McCain is in the middle of a protected activity—this litigation. A reasonable employee may very well be deterred from continuing litigation against a former employer if it means interference with his current employment. Moreover, McCain states more than just a "bare-bones allegation" of material adversity. *See Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 707 (5th Cir. 2016). His allegation that the February 2022 letter was mere pretext because his "new employer would have zero interest" in the confidential information "given it operates in a different industry," Dkt. 27 at 3, provides sufficient detail to state a plausible adverse employment action. GR argues there is nothing wrong with the February 2022 letter, maintaining that it "was a truthful attempt by GR to recover items taken by" McCain. Dkt. 26 at 5–6. That might be true, but that is an issue to be decided at summary judgment or trial, not at the initial pleading phase, when I am required to accept all well-pleaded facts in the proposed amended complaint as true and view those facts in the light most favorable to the plaintiff. *See Stringer v. Town of Jonesboro*, 986 F.3d 502, 506 (5th Cir. 2021).

On the third element of an FLSA retaliation claim, McCain argues that a causal link exists between the protected activity—this lawsuit—and the adverse employment action because GR sent the February 2022 letter during the pendency of this lawsuit. This argument satisfies the causation element because GR clearly knew about the lawsuit when they sent the February 2022 letter. *See Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 619 (5th Cir. 2020) ("If an adverse employment action occurs within close temporal proximity to protected activity known to the employer, a plaintiff will have met her burden to establish a prima facie case of retaliation."). GR's belief that the relevant time period to assess causation is the eight months between McCain's initial filing of the lawsuit and GR's February 2022 letter ignores the ongoing nature of this lawsuit—at any time McCain could be

"dissuaded" from continuing his FLSA claim. *Browning v. Sw. Rsch. Inst.*, 288 F. App'x 170, 178 (5th Cir. 2008).

To repeat, although I believe that McCain should be given the opportunity to amend his complaint to add an FLSA retaliation claim, I express no opinion on the ultimate viability of such a claim. Discovery should proceed, and we can address further legal and factual arguments at the summary judgment stage.

## CONCLUSION

Because McCain has shown good cause to amend, his Motion for Leave to File First Amended Complaint (Dkt. 25) is **GRANTED**. The clerk is ordered to file Dkt. 25-2 as Plaintiff's First Amended Complaint.

SIGNED this 6th day of October 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE